# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JASON GOLDSBY, RUDY REDMOND, KAILI MADRIGAL, and BONNIE MADRIGAL,<br><br>        Defendants. | 2:16-cr-00294-JCM-VCF<br><br>**<u>ORDER</u>**<br><br>MOTION TO SEVER [ECF NO. 221] |

Before the Court is defendant Bonnie Madrigal's motion to sever (ECF No. 221). The government filed a response (ECF No. 225) and defendant did not file a reply. The motion to sever (ECF No. 202) is denied.

**I.    Background**

The government charged defendant Madrigal and several other co-defendants in a 14-count superseding indictment. (ECF No. 73). The charges stem from alleged robberies at various EZ Pawn businesses in the Las Vegas valley between the Spring and Fall of 2016. (ECF No. 221 at 1). Not all the co-defendants are charged in each count. (*Id*.)

The defendant argues in her motion to sever that she will be prejudiced in a joint trial because one of her co-defendants and an unindicted cooperator admitted to the robbery and made statements that implicated her as being involved in past robberies. (ECF No. 221 at 2). The defendant argues that a redacted statement would be unjust because the jury will think that the government omitted Madrigal's

name. (ECF No. 221 at 3). The defendant argues that a joint trial with her co-defendants will violate the Fifth Amendment's due process clause and her Sixth Amendment right to confront and cross-examine witnesses against her. (*Id.* at 3). The defendant also argues that she has an antagonistic trial defense that triggers severance and that transference of guilt to another co-defendant will prejudice her. (*Id*. at 4).

The government argues in its response that for each statement made by a non-testifying co-defendant, the government may decline to use certain statements, call a witness to summarize the statement, or admit a version of the statement that redacts references to other defendants, or seek a limiting instruction to the jury. (ECF No. 225 at 5). The government argues that redaction of the statement is likely the most appropriate curative measure in this case. (*Id.*). The government also argues that Madrigal's innocence defense is not mutually exclusive to the other defendants and that there is minimal risk of spillover prejudice in this case. (*Id.* at 5-7).

**II.     Discussion**

The Sixth Amendment states that, "[i]n all criminal prosecutions, the accused shall enjoy the right to…be confronted with the witnesses against her[.]" U.S. CONST. amend. VI.   Rule 8(b) of the Federal Rules of Criminal Procedure permits the government to, "charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately." USCS Fed. Rules Crim. Proc. R. 8.  "[D]efendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991); see also *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980) ("[J]oinder is the rule rather than the exception.").  Federal Rule of Criminal Procedure 14 states that if joinder of defendants appears to prejudice a defendant or the government, the court may sever the defendants' trials. USCS Fed Rules Crim Proc R 14.  "In assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether the 'jury can reasonably be expected to compartmentalize

the evidence as it relates to separate defendants, in view of its volume and the limited admissibility of some of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978).

The defendant seeking severance bears the burden of showing undue prejudice of such a magnitude that without severance she will be denied a fair trial. *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011). A defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. *Bruton v. United States*, 391 U.S. 123, 123, 88 S. Ct. 1620, 1621 (1968). "[T]he admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, or powerfully implicates the defendant." *United States v. Mitchell*, 502 F.3d 931, 965 (9th Cir. 2007) (internal quotation marks and citation omitted). If there is a risk of prejudice, the trial court can neutralize the risk with appropriate jury instructions, and "juries are presumed to follow their instructions." *Zafiro v. United States*, 506 U.S. 534, 540, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). Rule 14 does not require severance even if prejudice is shown; the rule leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Id.* at 538-39.

"Mere inconsistency in defense positions is insufficient to find codefendants' defenses antagonistic." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991). "The probability of reversible prejudice increases as the defenses move beyond the merely inconsistent to the antagonistic." *Id.* "Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of the other." *Id.*

Here, joinder is proper under Rule 8 because the defendant and her co-defendants were indicted together regarding a series of crimes that they allegedly committed together. Judicial economy favors

joinder given that the facts of the EZ Pawn robberies would be presented in both trials. The defendant has not met her burden under Rule 14 to show undue prejudice of such a magnitude that without severance she will be denied a fair trial. The government has presented multiple less drastic measures, including excluding the statements or limiting jury instructions, which would suffice to cure any risk of prejudice.

The government stated that it believes that redaction will likely be appropriate in this case. Given that there are multiple co-defendants, the defendant's argument that redaction will make it obvious that her co-defendants implicated her are unavailing because the redaction could be of any of the other co-defendant's names. The defendant has failed to satisfy her burden of demonstrating undue prejudice under Rule 14 due to the presence of alternative means to reduce such prejudice, including the use of limiting jury instructions and excluding statements.

Madrigal alleges that, "her co-defendant admits to his involvement in the crime spree and claims Mr. Tualau [sic] participated." (ECF 221 at 5.) Madrigal's innocence defense is not mutually exclusive to the other defendants: a jury's acquittal of the co-defendants would not lead to Madrigal's conviction. Madrigal has not demonstrated that the core of her co-defendant's defense is so irreconcilable with her innocence defense that, "that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1071 (9th Cir. 1996). The risk of spillover is minimal: evidence relating to each defendant can be compartmentalized and limiting jury instructions may cure any spillover evidence and render such evidence non-prejudicial, even if the case is complex or involves multiple defendants, because juries are presumed to follow the instructions given to them.

The trial Court retains the discretion to tailor relief necessary if the defendant can show that the redacted statement, or any other less drastic measure, intrudes upon her Sixth Amendment rights or will not suffice to cure any risk of prejudice. If less drastic measures will not cure the prejudice, then the

district judge retains the discretion to set aside or modify this order or any part of it.

ACCORDINGLY,

IT IS ORDERED that defendant's motion to sever (ECF No. 221) is DENIED.

DATED this 3rd day of March 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE